*The* STATE, *in certiorari, vs. The Inhabitants of* BARING.

Where a warrant for the location of public lots under *Stat.* 1821, *ch.* 41, directed the committee to give notice to all persons concerned, who were known and living within the State, instead of requiring them to publish and post up general notifications to all persons, in the terms of that statute : and they returned that they had given the notice required by their warrant ; the location was held bad ; and the proceedings quashed.

THE facts in this case appear in the opinion of the Court, which was delivered by

WESTON J. From the record now before us, it appears that the proceedings in question were had under the statute to provide for the location of certain land, *Stat.* 1821, *ch.* 41 ; the object of the petitioners and of the court being to designate the lots, reserved for public uses in the town of *Baring.* Several objections are taken to the proceedings ; one of which we are satisfied is fatal. The statute expressly requires that the committee appointed to locate the lots, " shall give notice of their appointment, and of the time

and place of their meeting to execute their warrant, by causing the same to be published in one or more newspapers printed in the State, and by posting up written notifications, in two or more public places within the town, where the land lies, at least thirty days prior to their making the location." By their warrant, in the case under consideration, the committee were required " to give previous notice to all persons concerned, that are known and living within the State." And in their return, the committee state that they " gave previous notice, as named in their commission."

The judgment of the court is, for partition and location, as prayed for in the petition. This probably led to the adoption of some of the forms and proceedings, required in petitions for partition. In the act for the partition of lands and other real estate, *Stat.* 1821, *ch.* 37, the committee appointed to make partition are required to give due notice to all concerned, that are known and within the State. But in the act, under the authority of which the location of the public lots in *Baring* was attempted to be made, the term " partition" is not once used. It provides for the location of the reserved lots, and the designation of their several uses. The notice required is special as to time and manner, and being entirely disregarded in the case before us, we are all clearly of opinion that the proceedings must be quashed.